### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 10-1637 JST (FFMx) | Date: November 1, 2010 |
| Title: CF Medical LLC v. St. Alexius Hospital, et al. | |

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Ellen Matheson | N/A |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                                                Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE AND SETTING HEARING FOR NOVEMBER 22, 2010, AT 10:00 A.M.**

The Court may raise the issue of subject matter jurisdiction at any time, sua sponte.  *See U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988).  Here, Plaintiff CF Medical, LLC, filed a complaint against Defendants St. Alexius Hospital Corporation, Forest Park Hospital Corporation, and a number of named and unnamed individuals on September 21, 2010.  On October 25, 2010, Defendants, collectively, filed a Notice of Removal, contending that there was federal subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). (Notice of Removal ¶ 3.)  In a Notice of Removal, the defendant, as the moving party, bears the burden of proof in establishing that the federal court's exercise of subject matter jurisdiction is proper.  *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  Removal is strictly construed against the party removing the action to federal court.  *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).  The Court notes a problem with Defendants' Notice of Removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1637 JST (FFMx)            Date: November 1, 2010
Title: CF Medical LLC v. St. Alexius Hospital, et al.

Defendants fail to properly allege the citizenship of Plaintiff. Both Plaintiff and Defendants allege that Plaintiff is a Nevada limited liability company. (Compl. ¶ 1; Notice of Removal ¶ 4.) A limited liability company is an unincorporated association, not a corporation, and is thus deemed to have the citizenship of each of its members. *See United Steelworkers of Am. v. R.H. Bouligny, Inc.*, 382 U.S. 145, 146 (1965). Therefore, to establish diversity jurisdiction, Defendants need to plead the states where all members of the limited liability company are citizens. This Defendants failed to do.

For the reason set forth, the Court issues an order to show cause as to why the Court should not remand the case for lack of subject matter jurisdiction. The Court sets an order to show cause hearing for **November 22, 2010, at 10:00 a.m.** Defendants shall submit a written response and a proposed order no later than November 8, 2010.

Initials of Preparer: <u>enm</u>